BILLY JOE CLARK V. STATE

No. 25454. November 7, 1951.

Hon. Henry King, Judge Presiding.

*Charles W. Tessmer,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,* Assistant Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, of Austin, for the state.

WOODLEY, Judge.

The conviction is for burglary; the punishment, six years in the penitentiary.

Appellant sought a continuance contending that he had no counsel and for that reason had been unable to have his witnesses subpoenaed. He objected to having a court appointed attorney and complained that he had employed Charles W. Tessmer to represent him after his case had been called that morning. He alleged that his attorneys needed more time to prepare his defense.

The overruling of the motion for continuance was alleged as error in appellant's motion for new trial. The state controverted the motion and alleged that Mr. Tessmer had been the attorney of record for appellant for some two weeks or more prior to the trial, and had been notified of the March 21st setting of the case on March 8. No testimony appears to have been heard on the issue raised on the motion for new trial.

It appears that appellant was represented on the trial both by the court-appointed attorney and by Mr. Tessmer, the attorney of his choice, and that the absent witnesses named in his motion appeared and testified.

Appellant concedes that the motion for continuance is equitable in nature and one addressed to the discretion of the trial court. We are unable to agree that an abuse of such discretion is shown.

The manager of a White's Auto Store in Dallas testified that he left the store closed at about 8 o'clock P.M. on December 6, 1950, and returned shortly before 8 o'clock the following

morning, when he discovered that the store had been burglarized.

A television set missing from the store was sold by appellant to W. R. Cothran the latter part of December.

Appellant's confession was offered in evidence wherein he said that he and one Burks broke into the store about 10 P.M. on December 6 and sold the television set and other property taken by them from the store to Cothran.

Appellant did not testify but offered testimony to the effect that he was at another and different place during the night in question.

The indictment contained no allegation as to whether the burglary was committed at night or in the daytime and the trial court in his charge did not define daytime but authorized a conviction upon a finding of an entry by force and breaking, either in the night or daytime.

The indictment is in approved form and we see no error in the court's charge in so submitting the case to the jury.

It is unnecessary that we consider the sufficiency of the record to raise the issues herein discussed.

No error appearing, the judgment is affirmed.

Opinion approved by the Court.